█        In the Matter of DOLORES MCFARLANE, Respondent, v. PERCY C. MARSHALL, Appellant.— Order unanimously reversed, without costs and petition dismissed. Memorandum: Article 3-A of the Domestic Relations Law is intended to provide a summary proceeding by which family support obligations can be enforced. (See *Aberlin* v. *Aberlin,* 3 A D 2d 417, 421.) Section 32 of that article states that a father is liable for the support of his children "residing or found   *   *   *   in another state having substantially similar or reciprocal laws". "State" is defined by subdivision 1 of section 31 of the Domestic Relations Law as "any state territory or possession of the United States and the District of Columbia, and any province or territory of the Dominion of Canada." Not only does the language of the Uniform Support of Dependents Law indicate that it was not intended to confer jurisdiction where the children reside in a foreign country other than the Dominion of Canada, but further, the provisions of the act appear to be designed for a situation where the initiating State to which the support payments are directed has contact with the dependents. The children being in Panama, the initiating State of Illinois would have no responsibility for them and would have no means of determining whether or not the support provided was being employed for the welfare of the children. The statutory requirement as to the residency of the children dependents being a jurisdictional limitation upon the court, the court had no jurisdiction

to entertain the proceeding. (Appeal from order of Monroe County Family Court granting application for support.) Present — Del Vecchio, J. P., Marsh, Witmer, Gabrielli and Henry, JJ.